UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

DEBORAH R. BARSE,

           Debtor.

BK NO: 03-22270

ORDER

**IT IS HEREBY ORDERED**, that the Decision and Order of the Honorable John C. Ninfo, II, Chief United States Bankruptcy Court Judge for the Western District of New York in the case of In Re Deborah R. Barse, Debtor decided November 14, 2003 is hereby affirmed, a copy of the transcript of the Decision being attached hereto and made a part hereof of this Order.

Dated: April 30, 2004

HONORABLE DAVID G. LARIMER
United States District Judge

1

```
                    UNITED STATES BANKRUPTCY COURT

                    WESTERN DISTRICT OF NEW YORK

                                                          COPY

    - - - - - - - - - - - - - -X
    IN RE:                      )    03-22270
                                )
    DEBORAH R. BARSE,           )
            Debtor.             )    Rochester, New York
                                )    April 6, 2004
                                )    10:40 a.m.
    - - - - - - - - - - - - - -X



                    TRANSCRIPT OF DECISION
             BEFORE THE HONORABLE DAVID G. LARIMER
                   UNITED STATES DISTRICT JUDGE



                    HARRIS BEACH LLP
                    BY: DAVID L. RASMUSSEN, ESQ.
                    99 Garnsey Road
                    Pittsford, New York 14534
                    For the Creditor



                    LEONARD RELIN, ESQ.
                    One East Main Street
                    10th Floor
                    Rochester, New York 14614
                    For the Debtor



    COURT REPORTER:   Christi A. Macri, FAPR, RMR, CRR, CRI
                      Kenneth B. Keating Federal Building
                      100 State Street
                      Rochester, New York 14614-0222
```

```
                    P R O C E E D I N G S
                       *      *      *
```

THE COURT: Okay. Well, I think at the risk of being precipitous, and in the interest of the shortness of life and moving the case along, I'm prepared to rule. I may write on this, but I may not, so my oral recitation here will be the decision of the Court.

I think reasonable people could differ as to the method of valuation under Section 722 for redemption of property. But I think the weight of authority supports what Judge Ninfo did in his decision of November 14th, that the standard for determining the value for redemption should be the so-called wholesale value.

Neither Judge Ninfo nor the Court is going to state what the value is because I think the parties have stipulated that. As long as the Court decides the method, you all can figure the numbers.

This Court has relied, as did Judge Ninfo, on the legislative history, and the Court has carefully reviewed the cases cited by Judge Ninfo, especially at page three of his decision, *In re: Donley*. All the cases that he cited there, the *Weathington* case especially, is a Sixth Circuit decision decided in 2000, and all the cases that he cited and I've referenced here are post-*Rash* decisions. That is, *Associates Commercial Corp versus Rash*, decision of the United States Supreme Court decided in 1997, a Chapter 13 case.

| | | |
|---|---|---|
| 11:11 AM | 1 | Because *Rash* did deal with a different issue, I'm not |
| | 2 | convinced that *Rash* requires that this Court adopt a replacement |
| | 3 | value for the debtor who seeks to redeem under Section 722. |
| | 4 | Were I a legislator, which thankfully I'm not, I can |
| 11:11 AM | 5 | see a mechanism for treating Chapter 13s and Chapter 7s in this |
| | 6 | context the same. I'm not confident enough that that's what a |
| | 7 | legislator would do or that's what I should do in this posture. |
| | 8 | As Judge Ninfo pointed out, and I think other courts |
| | 9 | have pointed out, there is a difference with a distinction or |
| 11:12 AM | 10 | maybe a distinction with a difference between what *Rash* was |
| | 11 | dealing with and what we're dealing with in this Section 722 |
| | 12 | scenario. |
| | 13 | My standard of review here is de novo since it's a |
| | 14 | legal matter, and I am persuaded considering both 722, the |
| 11:12 AM | 15 | legislative history, and Section 506(a) which attempts to define |
| | 16 | valuation. |
| | 17 | I think the method chosen by Judge Ninfo is proper and |
| | 18 | appropriate, it accurately reflects what the statute provides for |
| | 19 | and, therefore, I choose to affirm him and his decision. That's |
| 11:13 AM | 20 | all I will say at this point. |
| | 21 | Mr. Relin, if you could assist the Court by |
| | 22 | preparing -- not a decision obviously, but just a short order |
| | 23 | indicating my affirmance of Judge Ninfo's decision, and indicate |
| | 24 | that the Court's comments here on the record, this 6th day of |
| :13 AM | 25 | April, should be deemed incorporated by reference as to the |

```
11:13 AM   1  reasoning behind the Court's decision.
           2          If I decide to write further for whatever purpose, for
           3  history, I'll do that, but at this point I think you have my
           4  decision and can move on with the case.
11:13 AM   5          MR. RELIN:  Thank you, Your Honor.
           6          THE COURT:  Can I get that in a week?
           7          MR. RELIN:  Sure.
           8          THE COURT:  Okay, thank you.
           9          (WHEREUPON, the proceedings adjourned at 11:14 a.m.)
          10                          *   *   *
          11                   CERTIFICATE OF REPORTER
          12
          13      I certify that the foregoing is a correct transcript of the
          14  record of proceedings in the above-entitled matter.
          15
          16  _____        4/28/04
          17  Christi A. Macri, FAPR-RMR-CRR-CRI       Date
              Official Court Reporter
          18
          19                                           COPY
          20
          21
          22
          23
          24
          25
```